999 F.2d 540
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeffrey ROYER, Petitioner-Appellant,
v.
Terry L. MORRIS, Supt., Respondent-Appellee.
 No. 92-4374.
 United States Court of Appeals, Sixth Circuit.
 July 6, 1993.
 
 1
 Before KENNEDY and MARTIN, Circuit Judges, and FORESTER, District Judge.*
 
 ORDER
 
 2
 Jeffrey Royer, a pro se Ohio prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In April 1987, Royer pleaded guilty to one count of rape and was sentenced to a six to twenty-five year term of incarceration. In exchange for his guilty plea, the government dropped a second count of rape charged in the indictment. In October 1989, the Ohio Court of Appeals overruled Royer's motion for a delayed appeal.
 
 
 4
 Royer filed his first habeas corpus petition in December 1989, raising four grounds for relief. On June 4, 1990, the district court dismissed Royer's petition for failure to exhaust his available state court remedies.
 
 
 5
 Royer then filed a motion for leave to appeal in the Ohio Supreme Court, arguing that the trial court erred in accepting his guilty plea; the Ohio Supreme Court denied the motion. Thereafter, the Ohio Supreme Court dismissed Royer's petition for a writ of mandamus, in which he argued that the Ohio Adult Parole Authority and the Ohio Department of Corrections were illegally holding him past the minimum term of his sentence, in violation of the terms of his plea agreement.
 
 
 6
 In his current petition Royer alleges that the state breached its plea agreement by keeping him incarcerated beyond the six year minimum. Royer argued that he pleaded guilty with the understanding that he would be paroled after serving the minimum six years of his sentence. Respondent's original return of writ sought dismissal on the grounds that Royer had not fairly presented his claim to the Ohio Supreme Court. The district court concluded that this argument lacked merit, and ordered the respondent to file a supplemental return addressing the merits of Royer's petition. Thereafter, respondent filed supplemental returns, arguing that the state did not promise Royer that he would serve only the minimum six years of his sentence. Upon review, the district court dismissed the petition as without merit. Royer has filed a timely appeal. The respondent has submitted a letter to the court indicating that it will not be filing a brief.
 
 
 7
 Upon review, we affirm the district court's judgment because Royer has not shown that the proceedings against him were fundamentally unfair. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 8
 Royer's claim that his plea bargain was violated was properly dismissed because he did not show that his guilty plea was induced by misrepresentation. See Brady v. United States, 397 U.S. 742, 755 (1970). When a plea bargain is struck, the defendant shall be held to the terms of the plea bargain and not be heard to complain that the bargain was other than what he openly and unequivocally declared in open court. See Mabry v. Johnson, 467 U.S. 504, 510-11 (1984). A plea bargain is contractual, and hence subject to contract law. United States v. Robison, 924 F.2d 612, 613-14 (6th Cir.1991). Despite the lack of a complete record in this case, the respondent has satisfactorily shown, by submitting affidavits from the state prosecutor, the presiding judge, and Royer's defense counsel, that the state had not contractually bound itself to release Royer after he served only six years of his sentence. Aided by a presumption of regularity that attaches to the state court proceedings in this case, in light of those affidavits, see Parke v. Raley, 113 S.Ct. 517, 525 (1992), and in the absence of any contradictory proof submitted by Royer, we are convinced that no such contractual obligation existed, and that the petition was thus properly dismissed.
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Karl S. Forester, U.S. District Judge for the Eastern District of Kentucky, sitting by designation